IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CV-628-D

| | |
|---|---|
| DANIEL L. SAGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STANDARD INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff's Motion to Compel Discovery and Motion for Hearing. [DE-22 &27.] Defendant has responded [DE-25], and this matter is ripe for review.

After careful consideration, the Court concludes that Plaintiff's motion is fatally defective and that these deficiencies are not merely technical: (1) Plaintiff failed to file a supporting memorandum of law, as required by Local Civil Rule 7.1(d); (2) The motion is not signed by local counsel, as required by Local Civil Rule 83.1(d); and (3) The motion was filed after the close of fact discovery and no motion to extend the fact discovery deadline has been filed. *See* April 13, 2010 Order (establishing fact discovery deadline of March 31, 2010) [DE-21].

Plaintiff claims Defendant breached its contract with Plaintiff by failing to pay him disability benefits. Plaintiff seeks documents related to the "bonus, performance and compensation" of Defendant's employees, which Plaintiff asserts is relevant to show bias and incentive to deny claims. Pl.'s Mot. ¶ 9. Defendant contests Plaintiff's assertion that the type of information sought is relevant and has cited case law contrary to Plaintiff's position, while Plaintiff has failed to file a memorandum of law or to cite any case law in support of its position that the documents sought are relevant. One party's failure to file a memorandum of law hinders

the opposing party's ability to adequately respond and prevents the court from properly adjudicating the motion.

It is also significant that the motion appears to be untimely, as it was filed after the close of fact discovery. *See PCS Phosphate Co., Inc. v. Norfolk Southern Corp.*, 238 F.R.D. 555, 558 (E.D.N.C. 2006) ("Generally, absent a specific directive in the scheduling order, motions to compel discovery filed prior to the discovery deadline have been held timely.") By letter of February 25, 2010, Defendant's counsel informed Plaintiff's counsel that Defendant did not believe further supplementation of its discovery responses was necessary. Def.'s Resp. Ex. A [DE-26]. After some further discussion between counsel for the parties, Plaintiff's counsel, via email letter on March 22, 2010, asked Defendant to produce certain documents in response to its previous discovery requests. Pl.'s Mot. Ex. D. Despite Defendant's failure to respond, Plaintiff did not promptly file his motion to compel or ask the Court to extend fact discovery. Instead, Plaintiff waited three weeks after the close of fact discovery to file the instant motion. Plaintiff has provided no reason for his delay in the filing of this motion and has failed to show good cause for the Court to essentially amend its Scheduling Order to reopen fact discovery. *See* Fed. R. Civ. P. 16 (b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Based on Plaintiff's failure to comply with the Local Rules of this Court and with the Court's Scheduling Order, the motion to compel [DE-22] is **DENIED**. Plaintiff's motion for hearing [DE-27] is **DENIED**, as the Court finds, in its discretion pursuant to Local Civil Rule

7.1(i), that a hearing would not aid the Court in the determination of this motion.

This the 10th day of July, 2010.

DAVID W. DANIEL
United States Magistrate Judge